Good morning, gentlemen. Good morning. Third case of the day. We've had a little bit of wait, maybe in the waiting room itself for a while. This is D. M. Arbor Ct v. City of Houston. Before you start the clock, Kim, I have a question for both of you and I want each of you to respond. After getting your supplemental letter briefs, uh, the panel has a sense that both of you agree that this case is now ripe, or at least it's not a ripeness issue. Let me not misspeak. One of you thinks the city believes we ought to just uphold the dismissal and let the lower court go forward with the other case. I'll see the plaintiffs wants us to set aside the dismissal and remand. Let me ask, uh, Mr Chai can correct my pronunciation. Do you agree with that? Yes, it's shaken. Thank you, Your Honor. I was gonna open the start your argument. I just want to know if you agree with that. I agree that there is no rightness question on that. Both parties agree that the court can consider subsequent dismissals, decision information and determining whether to remand. And how about the city? What do you say is is the current status of the rightness issue? Your Honor, the city, as stated in our supplemental brief, the city does not dispute that the claims the underlying dispute has now become right. But the city does take the that the first lawsuit on appeal in this case is not right and cannot be should not and cannot become right under the circumstances of this case, despite the court's authority to consider post dismissal developments, which in this case, I believe doing so would essentially turn the final decision requirement for regulatory takings cases on its head or into a nullity. I thought on his head was coming. Thank you both. The panel can proceed. But I guess I want you to start with. Why does this matter? I think either one of you need to address is where we are now with with rightness. And why does it you would proceed on in district court with the other one? May I proceed? Start the clock on a camera. Okay. Okay. Thank you. Thank you, Judge. This zoom, this zoom scenario can be a little challenging. So, you know, we have we have guidance from the Supreme Court and the railway case that tells us that we focus on the rightness issue at the current time, as opposed to when the dismissal decision was made to determine whether or not that particular suit should continue. And the city makes a distinction about whether the suit should continue or whether or not the dispute should continue that I don't think is a distinction recognized. I mean, why does it matter? I think this is just Southwest question. Everyone agrees I'll call it lawsuit to write the lawsuit to that was, I guess, ended up with Judge Allison, there's a motion to transfer to Judge Miller with the first case. Everyone, it sounds to me everyone agrees lawsuit to there's a right claim that can get get to the merits and you'll either win or lose on the merits. Why is lawsuit to worse for you than reviving this lawsuit? So lawsuit to is not better or worse lawsuit to is about a set of claims that were not involved in lawsuit one. And so they were filed after and in accordance with the district court rightness consideration and denying us leave to amend it. But this lawsuit was litigated in substantial part by Judge Miller, who all parties agree should consider the issues in this case that he dismissed, even if he also considers the issues in lawsuit number two. I thought it was all about your, you know, the denial of permits to rebuild after the flood. No, the second lawsuit is specifically about the takings activity that occurred in the form of a regulatory denial of the permits. The underlying claims that were dismissed in this case did not involve the takings question because Judge Miller did not allow the amendment that we proposed to bring those claims into controversy. And let me ask you, is your current number two lawsuit have the entirety of the claims? No, it does not. It doesn't have the claims that were dismissed in this case. Would there be any problem in amending at this early stage? It's been stayed in amending the complaint. The discovery in case number one can be used. It seems to me, with respect, it may not affect how we ultimately come out with this, but it seems to me you're asking the court to do something for you that and work through all this and write an opinion that I'm not seeing the reason for it. I don't disagree with you, Judge, and the concern that I have is this. The city has taken a position over and over again that by not doing certain things, we waive certain rights and claims. I don't know, and I tried to find out whether the city would take a position that if we asserted those claims in a new lawsuit, they were going to, for example, allege a statute of limitations issue. And I did so for the purpose of trying to dispose of the claims. How can there be a statute of limitations problem if the district court said these claims aren't right? I mean, the clock can't start running if it's not right. These seem pretty obvious. It just seems to me that all this is doing, this appeal, is causing delay for your client's claims, which I would think you'd want to move ahead. I mean, because the lawsuit two has been stayed pending this appeal. If I were your client, I'd want to move ahead and prove my client to have this delay. Well, your comments, Judge, are helpful in that respect. And it points out the frustration that we can't seem to get an agreement on the procedural approach to resolve all of these claims without some risk attached to it and relitigating matters that have already been litigated as our choice. Can you identify now and get the city to respond when it's their turn? What is the risk that you perceive either because the city won't agree or whatever else? What is the risk of allowing just a second case to go forward and just dropping this one? Well, we will have to move for leave to amend in the existing case. Okay. We will then have to relitigate all of the activities in the first case that were already litigated and decided up until the point of dismissal by the district court in that case. What are you talking about? We obviously have the rightness issue, which goes by the board. You've had discovery of some sort that can be used. What is the litigation that might have to be retraced? Well, there was also a consideration by Judge Miller of the substantive grounds for a potentially motions to dismiss a new and we start the entire litigation process from scratch. Whereas if we go back to Judge Miller in this case, we have the case as we find it with the rulings that have previously been made. And we either are permitted to join the new claims that have been asserted in the new lawsuit or we're forced to litigate those in a separate lawsuit. Well, why weren't any substantive rulings? I mean, I know there's a motion to transfer, but and I don't want to prejudge what Judge Ellison might do. Then I was on the district court in that district. A normal rule is a related case will be transferred to the judge who had the first case. And also you said you needed leave to amend. I thought it's at an early enough stage. You can't amend at this stage without even seeking leave. We would have to seek leave to amend. It's at such an early stage. I mean, it'd be hard to see why you wouldn't be given that. And the only other comment I can make in response to the questions is that Judge Ellison appreciated the distinction between new claims that were not part of this case and the claims that were in this case when he decided to stay the case before him because he was of the view that if in fact this suit was going to be revived, then he would defer to Judge Miller to determine whether or not to join the new suit into this case and to proceed with it in that procedural posture. I mean, is that what's driving this? You know, I understand different lawyers prefer different judges. I mean, is that what's driving? I'm just We have been attempting to have Judge Miller decide all of these disputes and believe he is the appropriate judge to do so. But we're of the view that there's been some kind of a procedural game being played that may amount to forum shopping, may not, I don't know. But that is designed to delay the prosecution of the claims in this suit before Judge Miller. And furthermore, to, you know, to assert some type of waiver by not insisting that we had the right to do so from a procedural perspective, which we think clearly, at least the railroad cases, you know, would tell us should be litigated before Judge Miller now that the rightness question that led to the dismissal is resolved. And so I don't know. I don't know whether this is much ado about procedural nothing, or whether it's preserving a right, you know, to litigate those claims without attack that has yet to be asserted that would not exist, but for the delay in litigating those claims. And so I think we've basically gotten your position on this, it might be helpful at this stage to turn to the city and see how you respond to it. Is there a way that we can deal with what's before us without addressing these through a written opinion? I mean, we far, we're not trying to mediate, maybe I am, this dispute right here in oral argument, but where do you disagree with the ability of the plaintiffs who have a claim that's now ripe to proceed in a lawsuit that will address all the claims that they have presently made in one or the first or the second? Yes, if I understand your question, Judge, I think the answer from the city's perspective is that it should be in the second lawsuit. Now, I'll tell you, let me further respond to your question by going back to your earlier question, what is driving all this? I believe Arbor Courts Council has identified one issue, which is a concern about limitations that has been raised in the past. And I can tell you this, in that second lawsuit, the city has not raised a limitations defense. The city has also not raised a ripeness defense. And the city also filed a 12B motion, where again, it raised neither limitations nor ripeness. And by the way, as was stated earlier, I am skeptical of the reliance on a concern about limitations, where the city has been arguing now for almost two years in this first lawsuit, that the claims are not ripe. So there's that. Could it be judicially a stop from now arguing statute of limitations? Because if they're not ripe, the clock hasn't started. I mean, it's based, I mean, it's... Your Honor, you won't be surprised if I don't make any concession, but that's why I point to what we have done and not done and said and not said in the second lawsuit. In the second lawsuit, according to your friend in the middle of my screen, I don't know where he is on yours, he says all of his claims are not in the second lawsuit. Is there anything different about the claims in the first lawsuit that you are stating now would also, would fit in the same mold as what's in the second lawsuit? Your Honor, let me say this. I believe that Barber Court has been working on trying to figure out what claims to assert since day one. Everything about the first lawsuit and everything about the second lawsuit is essentially an inverse condemnation claim. It is about the denial of permits by the city under its floodplain development ordinance, permits that the plaintiff wants and the city denied. And then after final decision, that denial remains in place. But the reality of it is that it is essentially the same lawsuit, despite whatever variance in the claims that the plaintiff has asserted now three, maybe three or four different ways in the first lawsuit. In the second, they amended in response to the city's first dismissal motion, amended as of right, and the city filed a second dismissal motion. I think we're on the fifth or sixth complaint by Arbor Court. And I'll tell you right now, Arbor Court may require, may require leave by the trial court to amend its complaint in the second lawsuit. I'll tell you right now, the city won't oppose. Everything is about, and by the way, in the first lawsuit, Arbor Court did in fact allege it's taking regulatory takings claim and then dropped it. And the last decision by Judge Miller in the first lawsuit also addressed the regulatory taking claim, refused or denied leave to amend to add it because it is not right. So it's all the same dispute, the same underlying dispute. The question of whether or not it's the same claims is a red herring. They have essentially alleged an inverse condemnation claim and sought to also allege various types of other constitutional violations. And if they want one more shot at an I'll stipulate right now, the city won't oppose another amended complaint. But the reality of it is the second thing driving this is attorney's fees. Now, we're not here to argue about attorney's fees, but that is another issue that I believe that Arbor Court has raised in discussions among counsel. I won't go on a tirade about the excessive amount of effort generated by multiple, multiple amended pleadings and multiple rulings by the district court, I believe four opinions by Judge Miller. What I will say is that the other thing driving this from the city's perspective, which I hope is what, which I believe is what really matters is jurisprudence on the final decision requirement of for a regulatory takings claim. Now, what I, what I'd like, and I may be going beyond your question here, but let me, it seems to me that putting those two together, possible attorney's fees and your point about don't bring actions until there's final agency action, seems to me is a pretty good argument when if there's success by the plaintiffs, when they argue for attorney's fees for this first case. And that's, I would think a district judge would be open to it if you are correct, that all this, all that attorney's fees was unnecessary, just an argument to be made. But it seems to me, isn't that how that might well play out? I believe just to ask whether or not the city has considered an argument about the excessive nature of the fees in the first lawsuit. And that's definitely on our mind in terms of, in terms of wherever we land, making that argument, whether it's, whether it's revival of the first lawsuit, which the city opposes or requiring the plaintiffs to move forward with second lawsuit. Absolutely. And I'm not suggesting that, that a decision by this court on the rightness issue would actually have a direct impact on the scope of recoverable fees. What I am saying is that the, is that the plaintiff here apparently believes that it has a better shot at recovering more fees to the extent they are recoverable, more fees if the first lawsuit gets revived. I'm not, I'm not expressing any opinion on whether or not that would be so. What I am saying is that that is another motivating factor. But for the city, well, for the plaintiff, excuse me, but for the, from the city's perspective, again, it is jurisprudence on the final decision requirement. All right. Well, on that jurisprudence point, I mean, the case law, and we sent the letter, does seem to say that ripeness is evaluated at, at the time of appeal. Events can change. Doesn't mean the district court was wrong at all. District court may have been 100% right when it ruled, but we, how do you, how do you get around that? I mean, I read your letter, but it, what, what case, what's the best case you have saying a court should not I'm here to be brutally honest with your honor about this. I don't have one judge, but what I have is this, the distinction about the party control over the event required to ripen the claim should matter. And by the way, I apologize for, for not getting to this in the amount of time that we had from the request for the supplemental brief through the filing of it. But since then, I have taken a closer look. I'm embarrassed to say it took me more time than I expected to find that right. And Miller's section cited in, in, in this court's New Orleans opinion, but I found it and it led me to another section of Miller's discussion on ripeness, which I think is extremely important section 35, excuse me, 13 B section 35, 32.4, I believe is very enlightening in that section of the treatise, the authors explain and address the significance of party control of contingencies required to ripen a claim for the most part, admittedly, the authors explain that near control over the contingency should not ordinarily be enough to deny ripeness. And it goes through an explanation of a number of cases and, and, and a criticism of certain cases, including Supreme court cases where ripeness was denied, but the underlying, the underlying point of this discussion and those cases is this, where the party, where the plaintiff in particular has control of the underlying or the events that would be required otherwise to, to, to result in ripeness. What matters is any negative repercussion on that here. For example, though, there, there's a case about a law requiring registration for selective service for federal student financial aid and the court, their rule that requiring students to actually take an action like refusing, excuse me, like registering would essentially eliminate their rights or expose them to to the loss of financial aid. And those things shouldn't be required in order to write in the claim. And there are a number of other lawsuits, like for example, the, the concern about violation of a criminal law or other conduct that would underlie the decisions discussed in this chapter or this section of right Miller on ripeness. And they stand in stark contrast to this case. I was actually at first surprised that I could not find a single case involving an absolute refusal by a plaintiff to even apply for a variance or otherwise utilize available administrative procedures to challenge the denial of a permit. I couldn't find it. Then I guess I overcame my surprise by thinking that that kind of in action and refusal is probably so uncommon that it might take me weeks or longer to find a case that would from the point of the July, I believe it's 18th denial of the permits through the initial, the initial effort at all to commence the variance and appeal process. This, this is a type of situation where reviving the first lawsuit would basically reward this kind of dilatory conduct by a plaintiff for no reason. And by the way, when you say reward, I mean, it sort of, it sort of gets back to the questions we were asking. I mean, really they can bring the claim in a new suit. So what's the reward. I mean, really who what's, you know, it just gets back to this point of what's the big deal about which, which suited is brought in. I mean, I think the point about reward, your point about reward is valid. I don't know what the, what the upside would actually end up being for the plaintiff, except maybe avoiding their own expressly stated concerns of avoiding limitations bar, which again, I've addressed that. And second recovery of more fees, which again, I've, I've addressed that, but it is the jurisprudence of the final decision requirement that would also be jeopardized by allowing revival of this first of the first lawsuit in this appeal, where the plaintiff has not only had control, but also engaged in such extensive delay. The Arbor court a few minutes ago appeared to suggest that there was some kind of gamesmanship by the city. The city has done nothing more from day one, then simply point out the final decision requirement, the availability of both a variance and appeal procedure under chapter 19, the city's floodplain development ordinance, which the plaintiff outright refused to even, even engage in until now multiple maybe it was three or more. Yeah. Three rulings. I think it was by judge Miller ruling on dismissing the lawsuit. Mr. Dillian, Mr. Costa responded already to the point that rewarding, it seems to me insofar as the dignity of the final judgment or final decision, the plaintiff will have accomplished. I don't want to say nothing. There may be some discovery and other things that are usable, but it seems to me we would be enforcing, even if we found it right now and allow the first case vacating that dismissal, because we were saying that the judge was right and you don't get to proceed. You got to, you got to go back. It seems to me we leave everything intact. What it would, I guess it would make clear that you don't accomplish much by starting these cases too soon, but we also want to keep the overall seamless web of the law. I think somewhat intact to recognize rightness can, is to be viewed on appeal separately from what the rightness was to the district court. I don't know if I'm just making an observation that you need to respond to, but I'd like to, I'm sorry. I'd like to, if I may, you're addressing me judge? Or you, Mr. De Leon, since you're the one who had been making that. Yeah, yes, I would like to respond. I absolutely understand that perspective and the sentiment from the plaintiff's perspective of making that point, but I believe it would be more proper under the jurisprudence on the final decision requirement to require, to affirm the dismissal in this case and require the plaintiff to move forward with the second lawsuit. It's filed. It's the one that delayed. It's the one that refused. It has sole responsibility for the lack of rightness for almost two years during the pendency of the first lawsuit. So I believe that the fealty to that jurisprudence would be more proper by affirming and requiring the first lawsuit to go forward. And by the way, like I've said, that there is no, there is no concern about that. This is the same. They're the same, the law, the same underlying dispute, whatever, whatever variation there may be in the claims alleged the city is all I've already stipulated. The city will not oppose another yet another amended complaint. But, but our report also mentioned a little while ago, something about relitigating. The only thing that's been litigated here is rightness. Yes, there've been other arguments that the city raised about, about the merits for dismissal of, of some of the other claims, but, but at bottom, the courts, Judge Miller's rulings are all central revolve around rightness. Yes. Discovery has been conducted in the first loose in the first lawsuit. The city has no, no dispute with utilizing that discovery in the second lawsuit. I'm not sure that there's any other concern that the plaintiff may raise from their perspective about why it should not be required to move forward with its second lawsuit, given that we are only, we are here today only because of its own absence or really inaction. But I believe that the proper result needs to be affirmance and move forward with the second lawsuit. Thank you, Mr. Deleon. I've cut the appellant off early and shifted to you under this somewhat I think I short him. You don't need to use it all, but you can also address the issue on, on the rightness, mootness that you, I didn't want to give you a chance to. Sure. I never really got to get going, but I appreciate the extra time. I'll try to be brief. Number one, I just want to make an observation, which is in the new lawsuit, which does not include the claims that were dismissed in the first lawsuit that is now before the court. There hasn't been an answer filed by the city. So the idea that they haven't asserted any defenses, including a limitations defense, et cetera, is a bit of a, of a distraction in that they haven't been called upon to file any defenses yet. They have filed a motion to dismiss that claim. That motion to dismiss doesn't address the claims that are at issue in this lawsuit. And they have taken the position that judge Miller should hear that case be under the first filed case doctrine. Now there's either a first file or there's not a first filed case. Isn't that what you want? I thought you wanted judge Miller to hear the case. No, no. What I'm saying is I do want judge Miller to hear the case. We have had a lot of time, a lot of money invested in reaching the point that we reached with judge Miller. We asserted. And, and, and in that, in that, and so in effect, what we're saying is you said the city, if I understood you correctly, you said the city is asking judge Ellison and transferred to judge Miller. So that it seems like you would agree to that. Yeah, I would agree to it. The problem, the problem that I have is, is that the argument for the transfer, okay. Is that there's been a new lawsuit that relates to a first filed suit. Okay. Which can only be transferred and consolidated if the first filed suit is pending. And so the, and the concern here is this. Well, you can, okay. I just, you can transfer a new case to a judge even without consolidating it. I mean, that's what the whole point of related case notices is about. And I'll represent to your honor that when we filed the new lawsuit asserting different claims, we complied with the local rule requirement of saying this is a related case. Okay. And so, but the way it works, I'm just telling you the way it works. The clerk's office is never going to make that determination because they're not the judge. So they, they assign it to as any cases randomly to a judge. But the point of having that notice of related case you filed is that will then prompt the risk, the judge who receives that new case. Usually to consider whether to transfer it to the other judge, usually in consultation with that other judge. So it's never going to automatically by the clerk's office result, because obviously that can be manipulated by parties. Well, in here, judge, judge Ellison decided not to consider the transfer issue until we determined whether or not this case was restored. Okay. At which time he would then defer to judge Miller as to whether he wanted to take new case in either as a transfer or to consolidate it. And, and here's the ultimate issue here. We're in effect being punished by a, by, by the, you know, for, for supposedly delaying in the, in the going through of the city appellate process. The problem is here that they filed a motion to dismiss alleging rightness. We challenged those rightness decisions. Okay. We demonstrated to the court, A, that we believe that it was futile to go through that process and B, that the process was not itself even available to deal with what it was we were challenging in the lawsuit. And we could get into all of that in terms of correctness or not. And whether the, the decision to require us to go through that appellate process was error or not, but we don't really need to get there in order to decide the appeal, because as your honor has previously recognized the, the existing law in the railway case in particular, and a couple of as set forth in the question requiring supplemental briefing, allow for us to look at whether or not it's right. The claims are right now and whether they should resume in the court from where they were dismissed. And so your honor asked Mr. De Leon, are you aware of any authority that says we can't do that? His answer was no. Okay. His only answer is, well, you waited, they waited 450 something days to go through this process that they should have gone through earlier. Well, we don't believe we should have gone through that process. We believe that if we had gone through that process, okay, we would have waived certain rights and certain claims. And it required a ruling that the district court below took 420 days of that 470 days or whatever it was to, to, to, to make. Okay. And, and, and consequently, when we got the judgment, we complied with the judgment and we exercise our right to determine whether or not the underlying decision on rightness was even correct. But let me ask you this, you took, Mr. De Leon has acknowledged what he is not able to find. I imagine you couldn't find it because it doesn't exist. Let me ask you about your searches. Is this a, should this be viewed? I'm not sure the case law is going to help much. So maybe we just need to respond theoretically. Should this be a mandatory decision that if it is right now, we must revive the case authority either way. And if not, just give me a reaction to that. I think in terms of what the, what the appellate court does with a, a rightness case, when the circumstances have changed is a discretionary decision on the part of the, of the court, which allows the court as observed by one of the, I'm sorry, previously allows the court to decide the appeal. Okay. And, and to, instead of determining the correctness of the rightness dismissal in and of itself, to simply procedurally remand it for further proceedings. Now that the rightness issue is no longer in question. And so it is discretionary. Now, if the court chooses also to, to evaluate the correctness of the rightness ruling to begin with, you know, I'll stand on our briefs and, you know, including the fact that, um, you know, we don't believe that chapter 19 of the city's code of ordinances provides for, let alone requires an appeal of a decision, um, to, uh, deny permits made by the mayor in contrast to a staff member, um, in a political format, as opposed to an administrator of format. Uh, and consequently we think the court's finding that the claims that we had asserted were not right, given what those claims involved, which was not a decision made in accordance with chapter 19, but rather in accordance, uh, with, um, some unauthorized mayoral mandate, um, which was final immutable and, and, and in fact, superseded the underlying process, um, of an engineered decision. Um, you know, the court should, uh, you know, uh, do that on a de novo basis. So I hope I've answered your question in terms of, of, of the standard of review, but does this court have the discretion, uh, to, to remand the case, um, without determining the correctness decision based on the existence of rightness now? I believe the court can do so. I believe the court should do so, but the court is not required to do so. Anything else for us? I'll stand on, on our briefing with regard to the correctness of the rightness dismissal, uh, to begin with. Um, but I hope I've answered the court's questions in terms of why procedurally the case should be remanded to judge Miller. Well, both of you answered the court's questions well from your different points of view, and we appreciate perhaps you adjusting to what is perhaps an unorthodox approach to this particular oral argument, but it's been an odd, an odd issue for us. I kind of liked it, Your Honor. That is our final argument for the day. Uh, we are in recess. Thank you. Thank you, judges.